UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER TENNIGKEIT,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN TAYLOR, FCI MENDOTA,<br><br>          Respondent. | No.  1:24-cv-01057-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION**<br><br>**[30-DAY OBJECTION DEADLINE** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 5, 2024, Petitioner filed the instant habeas petition. (Doc. 1.) After conducting a preliminary review of the petition, the Court finds that Petitioner has failed to exhaust administrative remedies and failed to state a claim for relief.  Accordingly, the Court will RECOMMEND the petition be DISMISSED.

**DISCUSSION**

**I.     Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases[1] allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] Pursuant to Rule 1(b), the Court may apply any and all Rules Governing Section 2254 Cases to cases arising under Section 2241.

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

## II.     Background

Petitioner is serving a sentence of 84 months on his 2020 conviction of one count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). United States v. Tennigkeit, Case No. 5:19-cr-00032-JGB-1 (C.D. Cal. 2019).

Petitioner is incarcerated at the Federal Correctional Institution in Mendota, California. In his petition, Petitioner claims that the Bureau of Prisons ("BOP") improperly deemed him ineligible for application of earned First Step Act ("FSA") credits because he was determined to be at high risk of recidivism. Petitioner states he has not fully exhausted his administrative remedies. (Doc. 1 at 7.)

## III.    Failure to State a Claim under the First Step Act

The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Under the First Step Act, prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

The BOP determined that Petitioner was eligible to *earn* FSA credits pursuant to the First

Step Act, but the BOP determined that Petitioner was not eligible to have FSA credits *applied* to his sentence. The BOP's determination is correct. According to subparagraph (C) entitled "Application of time credits toward prerelease custody or supervised release,"

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g),* into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added). Accordingly, the Director shall transfer into prerelease custody or supervised release only those prisoners determined eligible under section 3624(g). Section 3624(g)(1), entitled "Eligible prisoners," limits eligibility for application of FSA credits to those prisoners who have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C.A. § 3624(g)(1)(B). Petitioner acknowledges he has been determined "high risk" of recidivism, and his attachments bear this out. According to Petitioner's BOP FSA Time Credit Assessment exhibit, Petitioner was deemed high risk at each of his risk assessments conducted from December 29, 2021, to the present. (Doc. 1 at 10, 14.) Insofar as Petitioner has not shown a demonstrated recidivism risk reduction or a minimum to low recidivism risk, he is statutorily barred from application of FSA time credits.

**IV.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

3

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. § 542.10 et seq.

Petitioner acknowledges he has not fully exhausted his administrative remedies.  The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted).  The exhaustion requirement should not be excused in this case because Petitioner has deliberately bypassed the administrative scheme, and permitting the petition to go forward would only encourage further deliberate bypass of the administrative process.  Had he properly sought administrative relief, the BOP would have advised him of his risk recidivism status and his ineligibility for application of FTCs pursuant to 18 U.S.C. §§ 3632(d)(4)(C); 3624(g).  Petitioner's disagreement with the BOP's determination is not a sufficient reason to bypass further administrative levels.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

thirty (30) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **September 10, 2024**                 /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE