UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER TENNIGKEIT,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN TAYLOR, FCI MENDOTA,<br>    Respondent. | No. 1:24-cv-01057 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 4)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>[NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Tyler Tennigkeit is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2024, the assigned Magistrate Judge issued Findings and Recommendations to dismiss the petition. (Doc. 4.) The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 4.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the Order of the District Court." *Id*. (citing Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)). On September 25, 2024, Petitioner timely filed objections. (Doc. 6.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. In his petition, Petitioner claimed the Bureau of Prisons improperly deemed him ineligible

for application of First Step Act credits because of his recidivism score. The Magistrate Judge noted that 18 U.S.C.A. § 3624(g)(1)(B) limits FSA eligibility only to those prisoners who have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." Petitioner's exhibits show he was deemed high risk at each of his risk assessments. The Magistrate Judge thus determined that Petitioner was statutorily barred from application of FSA credits because he had not shown a demonstrated recidivism risk reduction or a minimum to low recidivism risk.

In his objections, Petitioner complains that he should not be deemed high risk. He notes he has remained disciplinary-free, has no history of violent crimes, and has availed himself of all available recidivism reduction programs and productive activities. He claims he has demonstrated himself to be at low risk of recidivism during his three-and-a-half years of incarceration. In his petition, he requests that the BOP decision be overturned, he be granted FSA time credits, and he immediately be placed in an RRC, home confinement or a halfway house.

Section 3625 of Title 18 United States Code provides that "any determination, decision, or order under [28 U.S.C. §§ 3621–3626]" is excluded from judicial review under the federal Administrative Procedure Act ("APA"). *See also Reeb v. Thomas*, 636 F.3d 1224, 1227–28 (9th Cir. 2011) (interpreting 18 U.S.C. § 3625 to preclude judicial review of "the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Accordingly, district courts lack jurisdiction to review certain discretionary decisions made by the BOP, such as "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program," under the APA framework. *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). Decisions regarding prisoners' recidivism risk and transfers to prerelease custody or early supervised release pursuant to the application of FSA time credits fall within this jurisdictional bar. *See* 18 U.S.C § 3621(h) (governing initial implementation of risk and needs assessment system), 3624(g) (governing transfer to prerelease custody or early supervised release pursuant to application of FSA time credits). However, a district court may properly consider whether the BOP, in coming to such decisions, "acted contrary to established

federal law, violated the Constitution, or exceeded the [BOP's] statutory authority." *Id*. Here, Petitioner does not argue that the BOP violated a specific statutory duty or acted contrary to established federal law in making the disputed determination of his recidivism risk. In making its discretionary designation decisions, 18 U.S.C.A. § 3621 requires the BOP to consider five enumerated factors[1]. Petitioner does not argue that the BOP failed to consider these factors or acted contrary to the statute by considering factors beyond what is set forth in § 3621(b)(4).

Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The magistrate judge correctly concluded that Petitioner is statutorily barred from earning FSA credits, and to the extent he challenges the discretionary decision of the BOP, the Court lacks authority to review said decision.

If a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 11, 2024, (Doc. 4), are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to enter judgment and close the case.

///

///

///

---

[1] The five factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence-- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C.A. § 3621(b)(4) (West).

4. In the event a notice of appeal is filed, no certificate of appealability is required. This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **September 29, 2024**

UNITED STATES DISTRICT JUDGE